BENTON, Etc. *v.* HENRY

[No. 37, September Term, 1965.]

*Decided December 20, 1965.*

The cause was argued before Prescott, C. J., and Hammond, Marbury, Barnes and McWilliams, JJ.

*Edward J. Skeens* for appellants.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This case involves injury to Richard Owen Benton, infant, plaintiff-appellant, occasioned by his fall from the running board of a moving ice cream truck, owned by defendant-appellee, Wesley Lee Henry. Suit was brought in the Circuit Court for Prince George's County on behalf of the infant plaintiff by his father and next friend, Samuel Jethro Benton. The father also sued individually. A jury trial was held on February 10, 1965, Judge Parker presiding. On this appeal it is contended that the trial judge was in error in directing a verdict for the defendant-appellee at the end of the plaintiffs' case because (1) the question of whether the plaintiff was guilty of contributory negligence was for the jury's determination and not a question which could be decided as a matter of law by the judge, and (2) the doctrine of last clear chance would have been applicable under the evidence if contributory negligence had been shown as a matter of law.

On the date of this unfortunate accident, May 21, 1963, the eleven year old victim and some of his fellow classmates celebrated the end of the school day by purchasing ice cream from the appellee's truck parked on the right hand side of Prince George's Avenue, a public street, near Kentland Elementary School. Ice cream was dispensed from the right side of the vehicle, which was driven by Frank Crayle, an employee of the appellee, the former being assisted by Richard Bell, who was the right front seat passenger at the time of the accident. The child testified that after finishing his ice cream he stood for approximately two minutes on the driver's side of the vehicle and he then proceeded to get on the truck's running board. The only evidence which explained why the boy got on the truck came from the hospital records which were introduced into evidence by the plaintiffs-appellants, without defendant's objection. These records indicated that the boy stated after the accident that his purpose in getting on the running board was to get a ride. The photographs of the truck introduced into evidence by the appellant show that the running board on which

the infant appellant chose to position himself extends from the rear of the cab to the left rear fender for a distance of approximately two feet, with a width of about eighteen inches. The photographs clearly indicate that a person standing on the running board would not be within the peripheral vision of a driver who was conventionally seated within the cab of the truck. Young Benton testified that he could not remember whether the driver had already entered the cab of the vehicle when he, Benton, climbed on the running board, but he did testify that the truck was moving some five or six seconds after he had gotten on it. The appellants' theory of primary negligence as claimed in their declaration was that the driver failed to use reasonable care to determine whether there were children on the truck or in close proximity thereto before he drove away, and that thereafter the truck driver operated the vehicle in a negligent and careless manner with knowledge, actual or imputed, that the minor plaintiff was on the running board, causing the infant to fall from the truck. The Benton boy testified that the truck "started going fast" up hill for about a block on Prince George's Avenue and that he "just held on" until it reached the top of the hill, when he fell off. On cross-examination the following questions were propounded and answers elicited from the infant appellant by Mr. Powers:

> "Q. Did you feel it was safe to get on the running board of a truck to get a ride? A. No.
> Mr. Skeens: Object, your Honor.
> The Court: Overruled.
> Mr. Powers: Q. What? A. No.
> Mr. Powers: Q. Did you know it involved or could involve some danger? A. Yes."

An eye witness to the accident and a school friend of Richard, Robert Calloway, Jr., testified that the truck took off at a speed too fast for him to catch it by running, that he saw Richard fall head first from the truck, and that the truck stopped immediately following the accident.

After the appellants presented evidence to show the extent of damages they concluded their case, whereupon defendant made a motion for a directed verdict. Judge Parker granted this mo-

tion on the ground that the evidence produced by the appellants clearly established contributory negligence as a matter of law, even assuming that the plaintiffs had shown the defendant to have been guilty of primary negligence.

We think the judge was correct in granting the motion. The contributory negligence question in the instant case is decidedly different from those cases cited in the appellants' brief where the question was whether a knowledge of a particular danger could be imputed to an infant plaintiff. Here there was clear and unambiguous testimony of the Benton boy which revealed that he had *actual* knowledge of the danger involved in boarding an ice cream truck to get a ride. Because the infant plaintiff admitted his own knowledge of the danger in this act and since this was so obviously a proximate cause of his injury, we conclude that all the essential ingredients of contributory negligence were present as a matter of law.

Moreover, we find the doctrine of last clear chance to be inapplicable in the instant case. Assuming, without deciding, that the appellants did establish primary negligence by virtue of the driver's failure to ascertain the presence of the boy on the truck, there was a total failure to prove a new or second act of negligence by the appellee. The defendant's act of primary negligence may not be used again to serve as the last clear chance of avoiding the injury. To invoke the doctrine, the negligence of the defendant must be sequential to that of the plaintiff and not concurrent. *West v. Belle Isle Cab Co.,* 203 Md. 244, 252, 100 A. 2d 17. In *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 512, 128 A. 2d 400, citing *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 211, 95 A. 2d 867, it was stated that

> "* * * it is sometimes said the defendant's knowledge may be actual or constructive; but this does not mean that defendant's primary negligence without more may serve again to charge him with a last clear chance. 'Something new, or independent, must be shown, which gave the defendant a fresh opportunity to avert the consequences of his original negligence and the plaintiff's contributory negligence. Otherwise, the mere primary negligence plus contributory negligence would

36

result in recovery, which is not the correct rule of law.' "

*Judgment affirmed, costs to be paid by the appellants.*