**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LISA SARBACHER; MICHELLE
SARBACHER,
<u>Plaintiffs-Appellants,</u>

No. 96-1811

v.

IVAN DOUGLAS WIDGER,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulze, Magistrate Judge.
(CR-94-1478-DKC)

Submitted: June 23, 1998

Decided: August 31, 1998

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel DuBoff, DUBOFF & ASSOCIATES, Silver Spring, Maryland,
for Appellants. John F. Linsenmeyer, ROLLINS, SMALKIN, RICH-
ARDS & MACKIE, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lisa and Michelle Sarbacher (Plaintiffs), appeal the district court order denying relief in their automobile tort case after a jury trial. The court's jurisdiction was based upon diversity of citizenship. The parties consented to trial before a magistrate judge in accordance with 28 U.S.C. § 636 (1994). The Plaintiffs contend that the district court erred in refusing to grant a jury instruction on the Maryland doctrine of last clear chance and therefore the judgment should be reversed and/or the case remanded for a new trial. After reviewing the record, we find no error, and we affirm.

The Plaintiffs filed suit against the Defendant, Ivan Douglas Widger, for damages sustained in a pedestrian and automobile collision which occurred on June 2, 1991, in Ocean City, Maryland. The parties agreed that only issues related to liability would be submitted to the jury. The evidence at trial showed that at approximately 1:45 a.m. on June 2, 1991, the Plaintiffs set out on foot to find an automated bank teller machine. The Plaintiffs stood in the area of the intersection of Coastal Highway, also known as Philadelphia Avenue, an eight-lane highway, and Newport Bay Drive.[1] They looked to the left and saw no oncoming cars, crossed the first four lanes of the highway, and stopped at the median. Michelle Sarbacher looked to her right and saw no oncoming cars. She stepped into the highway and Lisa followed. Upon reaching the second lane of southbound traffic, Michelle saw headlights coming toward her. The Defendant drove the oncoming vehicle. The Plaintiffs were unable to move out of the way of the Defendant's vehicle. The Defendant's vehicle struck both Plaintiffs.

_____

[1] It is disputed whether the Plaintiffs reached the intersection farther north at Coastal Highway and 118th Street. They did not cross in the crosswalk of that intersection.

2

The Defendant testified that he had been drinking at a bar and had three sixteen-ounce beers prior to the accident. He had a blood alcohol count of .10 after the accident. The Defendant testified that he was traveling in the second lane of southbound traffic at all times prior to the accident. The Defendant stated that he did not see the Plaintiffs in the highway until they were in his lane of traffic. He testified that he was only able to slam on his brakes and turn his wheel to the right to attempt to avoid hitting them.

The Defendant testified that he saw the Plaintiffs from approximately fifty meters (164 feet) and that he was traveling at approximately thirty-eight to thirty-nine miles per hour. Both the Plaintiffs and the Defendant put on expert testimony to determine what the stopping distance would be for the facts in this case. The experts based their calculations upon the Defendant's testimony that he saw the Plaintiffs for the first time approximately fifty meters away from his vehicle. The Plaintiffs' expert testified that an average driver with average reaction time should have been able to stop in 110 to 112 feet. The Defendant's expert testified that, considering the three necessary components of stopping: perception time, reaction time, and stopping time, it should have taken approximately 153.5 feet to stop for a passenger vehicle traveling at thirty-nine miles per hour.[2] The Defendant contends that the Plaintiffs' expert's calculations were erroneous because their expert considered reaction distance and perception distance to be the same thing. The Plaintiffs' expert later realized his mistake and stated that perception distance is the distance it takes to realize that something needs to be done and reaction distance is the distance needed to physically carry out what needs to be done, such as applying the brake. The expert did not re-calculate distance necessary to stop, however.

The Plaintiffs requested that the court instruct the jury on the last clear chance doctrine as an alternative theory of their case if the jury

_____

[2] The 153.5 feet is still less than the approximately 164 feet from which the Defendant estimated he first saw the Plaintiffs. This actually results in the difference of one-fifth of a second in reaction time. This difference is negligible. In addition, neither the Plaintiffs' nor the Defendant's expert took into account the effect of darkness and reduced visibility that would have increased the perception time and distance required to stop.

3

found the Plaintiffs to be contributorily negligent. The court refused to give the instruction. The jury found for the Defendant. The Plaintiffs' only issue on appeal is whether the district court erred by refusing to give the last clear chance instruction.

The decision of whether to give a jury instruction and the content of an instruction are reviewed for an abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir.), cert. denied, 517 U.S. 1229 (1996). To be entitled to a last clear chance instruction, a plaintiff must show that the defendant had a fresh opportunity to avert the consequences of his original negligence and to avoid the consequences of the plaintiff's contributory negligence. The rationale of the doctrine is that if the defendant has the last clear chance to avoid the harm, then the plaintiff's negligence did not cause it. See Ritter v. Portera, 474 A.2d 556, 558 (Md. Ct. Spec. App. 1984). The defendant's act of primary negligence alone is not enough to support a request for the instruction. The defendant must commit sequential acts of negligence. The last act of negligence must follow the plaintiff's own negligence and provide an opportunity for the defendant, but not the plaintiff, to avoid the accident. See Benton v. Henry, 215 A.2d 226, 228 (Md. 1965); Myers v. Alessi, 560 A.2d 59, 64 (Md. Ct. Spec. App. 1989). Where the negligence of the parties is concurrent, the last clear chance doctrine does not apply. See Benton , 215 A.2d at 228; United States Fidelity & Guar. Co. v. Royer, 185 A.2d 341, 344 (Md. 1962).

The Plaintiffs allege that the Defendant's first act of negligence was failing to see the Plaintiffs enter the highway. Although they do not admit that they were negligent in entering the highway, they assert that if the jury found them to be contributorily negligent, their negligent act was crossing the highway outside of a marked crosswalk. They allege that the Defendant's next act of negligence was his failure to stop before hitting the Plaintiffs. Because their expert stated that the Defendant might have been able to stop before hitting the Plaintiffs, they contend he had the last clear chance to avoid harm.

We conclude that the Defendant's negligence cannot be deemed to be two separate and sequential acts of negligence. Seeing the Plaintiffs in the highway and stopping to avoid hitting them is part of the same sequence of events. See Benton, 215 A.2d at 228. The parties'

4

negligence was concurrent, and therefore the last clear chance doctrine is inapplicable. The evidence regarding the lighting and road configuration revealed that neither party should have had difficulty seeing the other. At best, the Plaintiffs were negligently in the road, see Dix v. Spampinato, 358 A.2d 237, 238-39 (Md. 1976), and the Defendant negligently failed to stop in time to avoid hitting the Plaintiffs.

In addition, the court instructed the jury that they were to find which party was negligent and whose negligence caused the accident. The court further instructed the jury that the Plaintiffs would not be barred from recovery if their negligence did not proximately cause the accident. Because the last clear chance doctrine resolves issues of proximate cause, a trial court may have more than one option in instructing the jury on causation. If the facts support a different set of instructions resolving the proximate cause issue, as a last clear chance instruction would, the trial court, in its discretion, may issue a different instruction. See Simmons v. Urquhart, 664 A.2d 27, 33 (Md. Ct. Spec. App. 1995). Accordingly, we find that the district court did not abuse its discretion in instructing the jury on proximate cause and declining to instruct on last clear chance.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5